# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STAN SCHIFF, M.D. PH.D, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE CO., et al., <br><br> Defendant. | CASE NO. C17-914 MJP <br><br> ORDER ON MOTION FOR REMAND |

The above-entitled Court, having received and reviewed:

(1) Plaintiff's Motion for Remand (Dkt. No. 19);

(2) Defendants' Response to Plaintiff's Motion for Remand (Dkt. No. 42);

(3) Reply in Support of Plaintiff's Motion for Remand (Dkt. No. 39);

all attached declarations and exhibits; and all relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED. The Court remands this matter to King County Superior Court.

1    IT IS FURTHER ORDERED that Plaintiff shall be awarded reasonable attorney fees and
2 costs; said fees and costs to be submitted to the Court no later than 14 days from the entry of this
3 order.

**Background**

This is a class action over reductions Defendants Liberty Mutual Fire Insurance Company and Liberty Mutual Insurance Company (collectively, "Liberty Mutual") have made to bills from health care providers for services rendered to accident victims covered by personal injury protection policies ("PIP"). Plaintiff alleges Liberty Mutual reduces bills for PIP coverage to the 80th percentile of charges, regardless of whether the reductions are reasonable or not. This lawsuit was filed in state court on May 8, 2017, claiming that this practice violates state law on PIP coverage requiring Liberty Mutual to provide coverage for "all reasonable medical expenses" and also violates the Washington Consumer Protection Act ("CPA").

On June 14, 2017, Liberty Mutual removed Plaintiff's case to federal court. Plaintiff seeks a remand to state court.

**Discussion**

A. No federal jurisdiction

Liberty Mutual did not remove under the Class Action Fairness Act ("CAFA"), which thus requires it to prove to a "legal certainty" that federal jurisdiction exists. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Although Defendant asserts in its removal notice that "federal question" and "diversity" jurisdiction exist (*see* Dkt. No. 1 at 14-17), it does not respond to Plaintiff's argument or authority that, because the Complaint contains no federal claim, federal jurisdiction does not exist. *See* Evergreen Sch. Dist. v. N.F., 393 F.Supp.2d 1070 (W.D. Wash. 2005).

1         Liberty Mutual instead argues, without citation to authority, that it can manufacture federal question jurisdiction by asserting a future affirmative defense from a settlement in a separate class action to which Plaintiff was not a party. The Court rejects this attempted evasion of CAFA; federal jurisdiction is determined at the time of removal, not by future events. Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). The class claim here is based on Washington law and is not removable.

    B.  <u>No federal due process issue</u>

        Citing <u>Grable & Sons Metal Prods., Inc. v. Darue Eng. & Mfg</u>, 545 U.S. 308, 312 (2005)("in certain federal cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues"), Liberty Mutual asserts that a "substantial question of federal law" is "necessarily raised" by its affirmative defense that federal due process binds the members of Plaintiff's class to a judgment entered in another class action matter from Illinois (the "<u>Lebanon</u> settlement defense").

        The <u>Grable</u> court created a four-part test for determination of federal question jurisdiction in the context of state law claims. The federal issue must (1) necessarily arise; (2) be in actual dispute; (3) be substantial to the federal system, and 4) be capable of resolution by the federal court without disrupting the federal-state balance. <u>Id.</u> at 314. Defendant's <u>Grable</u> argument fails to satisfy three of the four factors. First, a federal due process issue is <u>not</u> "necessarily raised" by Defendants' "<u>Lebanon</u> settlement defense." The Illinois court did not rule that the practice at issue – both here and in <u>Lebanon</u> – is legal in Washington, leaving Plaintiff and the class free to argue that state law prohibits the practice. Additionally, the class in Washington could argue that prior Washington state court judgments in related cases be given collateral estoppel effect. While the parties argue about the viability of this theory, the Court will simply note (without

commenting on its ultimate validity) that it is a colorable argument. As the Ninth Circuit has held:

> When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.

Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).

Second, Liberty Mutual's due process argument is <u>not</u> "in actual dispute." Defendant argues that, at a later date, it will move to dismiss the class claim based on the Lebanon agreement, at which point the class here <u>may</u> make a due process response, which Defendant then argues would be irrelevant. Liberty Mutual fails to identify any other due process issue besides the Lebanon settlement which is "in actual dispute." It is entirely unclear what the "actual dispute" might be.

Finally, the issue which Defendant presents – a potential due process challenge of a state court class action settlement agreement – does not represent a "substantial issue" for the federal system. Liberty Mutual cites to no case which has so held, instead relying on a "full faith and credit" argument that makes little sense, as the "Lebanon settlement defense" does not seek to enforce the judgment of another state court in this jurisdiction.

C. <u>Insufficient "amount in controversy" to satisfy diversity jurisdiction</u>

"[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Plaintiff here has made an individual claim based on a $103.25 underpayment; Defendant has not controverted Plaintiff's allegation "in good faith" that his damages are less than $75,000. Because Plaintiff has alleged damages and/or fees less than $75,000 on his individual claim and Liberty Mutual

did not remove under CAFA, Defendant must prove to a "legal certainty" that Plaintiff's individual claim exceeds $75,000. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In response, Liberty Mutual argues that it must only prove that there is more than $75,000 at issue by a "preponderance of the evidence," citing in support a U.S. District Court CAFA case in which the complaint failed to state that less than $75,000 was at issue. To call this inadequate would be an understatement. Defendant compounds this shortcoming by speculating on the amount of fees which might be incurred by Plaintiff on his individual claim, in a district where the judges adhere to the rule that only fees as of removal are considered (Plaintiff claims, without objection by Defendant, that those fees are $1,500).

In short, Defendant fails to prove to a legal certainty that Plaintiff's individual claim exceeds $75,000 and thus its proof of diversity jurisdiction fails.

　　D.　Younger abstention and supplemental jurisdiction

The rule in the Ninth Circuit is that the Younger abstention doctrine requires federal courts to abstain from hearing cases "when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests and when (3) that proceeding affords an adequate opportunity to raise the federal question presented." Norwood v. Dickey, 409 F.3d 901, 903 (9th Cir. 2005). Given Liberty Mutual's appeal of the state court decision dismissing its Lebanon defense on the merits in the Chan case, all those elements are met here and Younger abstention applies.

The exercise of supplemental jurisdiction, however, does not. Because this matter is only before this Court by virtue of Defendant's removal action, no independent jurisdiction exists over either Plaintiff's individual claim or the class claim.

**Conclusion**

Defendant has failed to establish the existence of federal question or diversity jurisdiction over this matter, nor successfully established the existence of supplemental jurisdiction. Further, the <u>Younger</u> abstention doctrine applies here. Plaintiff's motion to remand this matter to King County Superior Court is GRANTED, as is his motion for reasonable costs and fees.

Plaintiff is ordered to submit his fees and costs to the Court no later than 14 days from the entry of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated: October 26, 2017.

Marsha J. Pechman
United States District Judge