UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STAN SCHIFF, M.D. PH.D,

            Plaintiff,

    v.

LIBERTY MUTUAL FIRE
INSURANCE CO., et al.,

          Defendants.

CASE NO. C17-914 MJP

ORDER ON MOTION FOR
ATTORNEY FEES AND COSTS

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion for Attorney Fees and Costs (Dkt. No. 49),

2. Defendants' Response to Plaintiff's Motion for Attorney Fees and Costs (Dkt. No. 52),

3. Plaintiff's Reply in Support of Motion for Attorney Fees and Costs (Dkt. No. 54),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED IN PART; Plaintiff shall be awarded his reasonable fees and costs in bringing the motion to remand which this Court granted; namely, the $24,900 in attorney fees he documents as directly related to that motion.

While Defendants are correct that Plaintiff's motion for remand did not contain a discussion of his request for attorney fees, Plaintiff's proposed order (attached to his moving papers) clearly contained such a request ("IT IS HEREBY ORDERED that Plaintiff's Motion for Remand is GRANTED and the Court hereby remands this case to King County Superior Court *and awards Plaintiff its reasonable attorney fees and costs;*" Dkt. No. 19-1)(emphasis supplied.)

Defendants are also correct that it is within the Court's discretion to award fees based on either "unusual circumstances" or when removal lacked an objectively reasonable basis. Jordan v. Nationstar Mortgage, LLC, 771 F.3d 1178, 1184 (9th Cir. 2015). The Court finds "unusual circumstances" in the pattern of unsuccessful removals (and sanctions entered thereupon) which have characterized this litigation. This is the third time that this case has been removed from state court and remanded back; while this also raises questions about the "objective reasonableness" of a third attempt, the Court will confine itself to a finding that this series of unsuccessful removals constitutes "unusual circumstances" justifying the award of fees for the expense of litigating the remand issue yet again.

The Court will, however, confine that award to the cost of the remand motion itself, which has been documented at $24,900. (*See* Dkt. No. 50-1, Declaration of Breskin, Ex. 1.)

Defendants are ordered to remit that sum to counsel for Plaintiff within 10 days of the date of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated: January 17, 2018.

Marsha J. Pechman
United States District Judge